908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio BULLOCK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Antonio BULLOCK, Defendant-Appellee.
 Nos. 89-5117, 89-5128.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1990.
Decided July 11, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-88-250-A)
 Lawrence Hart Huebner, Manassas, Va., for appellant.
 John Thomas Martin, Assistant United States Attorney, Alexandria, Va., (argued), for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS.
 Before K.K. HALL and WILKINS, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Antonio Bullock appeals his conviction by a jury of possession with the intent to distribute 500 grams or more of cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981), possession with the intent to distribute 50 grams or more of cocaine base, commonly known as crack, id., and conspiracy, 21 U.S.C.A. Sec. 846 (West Supp.1990). Bullock claims that the district court erred by admitting into evidence a statement intended to impeach a portion of his testimony.
 
 
 2
 The government cross-appeals the decision of the district court to depart downward and impose a sentence 68 months below the minimum sentence provided by the appropriate sentencing guidelines range. We affirm the convictions, vacate the sentence imposed, and remand for resentencing within the applicable sentencing guidelines range.
 
 I.
 
 3
 On September 27, 1988, agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) arrested Bullock and transported him to an ATF field office. At the field office Bullock was approached by Special Agent Pervis Smith who initiated a conversation that lasted one to two minutes. According to Agent Smith, during the conversation and in reference to the drug trade, Bullock stated, "you can make as much as you want if you hustle."
 
 
 4
 At a pre-trial hearing on Bullock's motion to suppress the statement, the government conceded that it could not introduce the statement in its case-in-chief because Miranda warnings had not been given. See Miranda v. Arizona, 384 U.S. 436 (1966). However, the district court found that the statement was voluntary and ruled that the government could introduce it in rebuttal.[1] Bullock testified at trial that he had no "dealing in drugs whatsoever," and on cross-examination he denied making the post-arrest statement to Agent Smith. The government called Agent Smith in rebuttal, and he testified regarding Bullock's statement at the field office.
 
 
 5
 At the sentencing hearing, the district court correctly determined that Bullock's base offense level was 36 with Criminal History Category I, producing a sentencing guidelines range of 188-235 months. However, the district court departed downward from this range and imposed a sentence of 120 months. To justify the decision to depart, the district court stated that the applicable sentencing guidelines range "is too much time for a 19-year-old young man" and "but for the defendant's youth, I wouldn't grant [the departure]."
 
 II.
 
 6
 A statement that is inadmissible in the government's case-in-chief because Miranda warnings were not given may be used to impeach a defendant's testimony if it satisfies the standard of trustworthiness. Harris v. New York, 401 U.S. 222, 224-26 (1971); see United States v. Havens, 446 U.S. 620, 627-28 (1980) (testimony during cross-examination may also be impeached). The trustworthiness standard requires that a statement be voluntary. Mincey v. Arizona, 437 U.S. 385, 398 (1978). In making this determination, we must consider the totality of the circumstances. United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir.1987) (totality of circumstances includes "the characteristics of the defendant, the setting of the interview, and the details of the interrogation"), cert. denied, 486 U.S. 1010 (1988). We must also independently evaluate the record. Mincey, 437 U.S. at 398.
 
 
 7
 Bullock contends that because of his youth and limited intellectual capacity the statement could not have been voluntary. However, "youth and intelligence level do [ ] not make [a] confession involuntary as a matter of law." Vance v. Bordenkircher, 692 F.2d 978, 981 (4th Cir.1982), cert. denied, 464 U.S. 833 (1983). Rather, they are only factors to be considered when determining whether a statement was voluntary. When Bullock engaged in a conversation with Agent Smith they were in a local ATF field office. Agent Smith was unarmed, spoke in a normal tone of voice, and his discussion with Bullock was very brief. Additionally, there is no evidence of any coercion or intimidation by Agent Smith or any other law enforcement agent. We conclude that Bullock's statement was voluntary and could properly be introduced to impeach his testimony.[2]
 
 III.
 
 8
 In its cross-appeal, the government contends that the district court erred by departing downward on the basis of Bullock's age. We recently addressed the issue of whether age is a proper basis for a downward departure. See United States v. Summers, 893 F.2d 63, 69 (4th Cir.1990). We noted that the United States Sentencing Commission, addressing the relevance of age, stated that it "is not ordinarily relevant in determining whether a sentence should be outside the guidelines." Id. (quoting U.S.S.G. Sec. 5H1.1, p.s.). We held that there was "nothing extraordinary about [Summer's] age and the district court clearly erred in basing a departure on this factor." Id. Because the reasoning and holding of Summers is applicable here and the district court stated that Bullock's age was the only reason for the departure, we vacate Bullock's sentence and remand to the district court with instructions to impose a sentence within the sentencing guidelines range of 188-235 months.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The district court also denied Bullock's motion to dismiss on the ground that he was arrested without probable cause as well as other motions to suppress evidence. Bullock does not appeal the denial of these motions
 
 
 [2]
 Bullock also argues entrapment. We find no merit to this contention